```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Shawn Murphy**

    v.                                      Case No. 19-cv-1162-PB
                                          Opinion No. 2022 DNH 007

**Strafford County et al.**

### ORDER TO SHOW CAUSE

Shawn Murphy filed this action against Strafford County and certain "John Doe" defendants on November 16, 2019.  His claims arise out of an incident that occurred three years earlier, on November 16, 2016, when he was allegedly beaten, tased, and forced to walk on a broken leg while incarcerated at the Strafford County Department of Corrections.  In January 2020, Murphy amended his complaint to name five Strafford County correctional officers as defendants.  Strafford County and the correctional officers have moved for summary judgment on all claims against them.[1]  Murphy does not challenge defendants' motion as to his claims against Strafford County and the correctional officers in their official capacities.  Thus, the only issue I must resolve is whether his individual capacity claims against the correctional officers can proceed to trial.

---

[1] Murphy has also asserted claims against two defendants employed by the New Hampshire Department of Corrections.  Those defendants have not yet moved for summary judgment.

The individual defendants' principal argument is that the statute of limitations bars Murphy's claims against them.  The claims are for excessive force and inadequate medical care brought under 42 U.S.C. § 1983 and state law claims for intentional and negligent infliction of emotional distress.  New Hampshire law determines the applicable statute of limitations for both sets of claims.  See Conjugal P'ship Acevedo-Príncipe v. United States, 768 F.3d 51, 56 (1st Cir. 2014) ("[I]t is well-established that § 1983 claims borrow the forum state's statute of limitations.").  The parties agree that state law prescribes a three-year limitations period for all claims and that Murphy filed his original complaint on the last day of that period.  See N.H. Rev. Stat. Ann. § 508:4.  Because the individual defendants replaced "John Doe" defendants after the statute of limitations had run, Murphy concedes that his claims against them are time-barred unless the amended complaint relates back to the date of the original pleading.

"Under the doctrine of relation back, an amended complaint can be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint." Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 975 (1st Cir. 1991). Federal Rule of Civil Procedure 15(c) sets out three ways in which an amendment to a complaint can relate back to the original.  Rule 15(c)(1)(A) allows for relation back when "the

2

law that provides the applicable statute of limitations allows relation back." Rule 15(c)(1)(B) permits relation back of an amendment asserting "a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Lastly, under Rule 15(c)(1)(C), an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the original pleading when three elements are met: (1) the amended pleading grew out of the same transaction or occurrence as the original pleading, (2) the newly added party received timely notice of the action, and (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Once the defendant establishes that a claim was filed after the statute of limitations had expired, the plaintiff has the burden to show that Rule 15(c) saves his claims. Coons v. Indus. Knife Co., 620 F.3d 38, 44 (1st Cir. 2010); Graham v. Church, 2015 DNH 013, 2015 WL 247910, at *4 (D.N.H. Jan. 20, 2015).

    In their motion, the individual defendants made the showing that Murphy asserted claims against them for the first time in his amended complaint, filed more than three years after his cause of action accrued. Expecting that Murphy would rely on the relation back doctrine to render his claims timely, defendants argued that neither Rule 15(c)(1)(A) nor Rule

3

15(c)(1)(C) permits relating the amendment back to the original complaint. Murphy ignored those provisions in his opposition to the motion and instead argued that Rule 15(c)(1)(B) allows for the relation back. Defendants responded in their reply brief that Rule 15(c)(1)(B) is inapplicable. I agree with defendants that Murphy's reliance on Rule 15(c)(1)(B) is misplaced, and that Rule 15(c)(1)(C) cannot save his claims either. But the applicability of Rule 15(c)(1)(A) presents a closer question that has not been adequately briefed.

Murphy's position that Rule 15(c)(1)(B) permits him to replace a "John Doe" defendant with a named party after the statute of limitations has expired is untenable. This provision "allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new party." Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318 (6th Cir. 2010). Murphy did not merely add claims that arose out of the same occurrence set out in the original complaint. Rather, the amended complaint named, for the first time, the five correctional officers as individual defendants allegedly liable for Murphy's injuries. The amendment is, therefore, outside the scope of Rule 15(c)(1)(B).

The fact that the original complaint used "John Doe" placeholders for these defendants does not bring Murphy's claims

within the purview of Rule 15(c)(1)(B).  "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (cleaned up); see Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004) (holding that plaintiff's "substitution of named defendants for the original unknown 'John Doe' defendants amounted to adding a new party" for purposes of Rule 15(c)).  Thus, when, as here, a claim is asserted against a new party after the limitations period expired, the plaintiff must comply with either Rule 15(c)(1)(A) or Rule 15(c)(1)(C).  See Coons 620 F.3d at 42.

    Murphy cannot meet his burden of showing that Rule 15(c)(1)(C) applies to his amendment.  This rule serves to allow a plaintiff to correct a "misnomer or misidentification." Roman v. Townsend, 224 F.3d 24, 28 n.5 (1st Cir. 2000).  To that end, Rule 15(c)(1)(C) requires the plaintiff to show that he made "a mistake concerning the proper party's identity."  The plaintiff's lack of knowledge of the intended defendant's identity is not a mistake in identity under Rule 15(c). Wilson v. U.S. Gov't, 23 F.3d 559, 563 (1st Cir. 1994); Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555, 558 (7th Cir. 2011); Moore v. Tenn., 267 F. App'x 450, 455 (6th Cir. 2008). In essence, Rule 15(c)(1)(C) does not cover the substitution of

5

real names for "John Does" because the onus is on the plaintiff "to determine the proper party to sue and to do so before the statute of limitations expires." Graham, 2015 WL 247910, at *7 (quoting Hall v. Norfolk S. Ry., 469 F.3d 590, 596 (7th Cir. 2006)). Because Murphy has merely alleged that he was ignorant about the identities of the correctional officers who caused his injuries, he cannot show that he made a mistake concerning their identities. Accordingly, Murphy cannot satisfy the requirements of Rule 15(c)(1)(C).

That leaves Rule 15(c)(1)(A). Under this rule, an amendment will relate back when "the law that provides the applicable statute of limitations" – in this case, New Hampshire law – "allows relation back." Fed. R. Civ. P. 15(c)(1)(A). This provision "cements in place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not." Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009); see also Fed. R. Civ. P. 15 Advisory Comm. Notes (1991 Amendment) (Rule 15(c)(1)(A) seeks to "make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law."). In other words, "under Rule 15(c)(1)(A), [the court] must determine if . . . state law provides a 'more forgiving principle of relation back' in the John Doe context, compared to the federal

6

relation back doctrine under Rule 15(c)(1)(C)." Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013).

The relevant New Hampshire statute does not expressly address relation back, but it generally authorizes amendment of pleadings when "necessary for the prevention of injustice" so long as "the rights of third persons shall not be affected thereby." N.H. Rev. Stat. Ann. § 514:9. When an amendment seeks to substitute a defendant after the statute of limitations has expired, the New Hampshire Supreme Court has observed that both potential injustice to the plaintiff and potential prejudice to the intended defendant exist. See Sharifova v. Riley, No. 2011-0755, 2012 WL 12830668, at *2 (N.H. Nov. 2, 2012); Dupuis v. Smith Props., Inc., 114 N.H. 625, 628 (1974). In cases of this nature, the prejudice inquiry typically focuses on "whether the intended defendant received notice before the statute of limitations expired." Sharifova, 2012 WL 12830668, at *2 (citing Dupuis, 114 N.H. at 629); see also Sharifova v. Riley, No. 2014-0122, 2014 WL 11485774, at *1 (N.H. Nov. 12, 2014); Bonnvie v. Beaulieu-Lindquist Real Est., Inc., No. 2006-0047, 2007 WL 9619440, at *3 (N.H. Mar. 13, 2007). "Informality will not nullify the notice so long as defendant receives actual knowledge." Dupuis, 114 N.H. at 630.

The record before me contains no evidence that the individual defendants had actual notice of Murphy's claims

7

before the statute of limitations expired.  The parties, however, have not adequately focused on this issue so far.  Defendants have presented only a skeletal argument with respect to Rule 15(c)(1)(A), and Murphy has failed to address it altogether.  Accordingly, on or before January 27, 2022, Murphy must show cause why his individual capacity claims against the five correctional officers relate back to the date of his original complaint.  Defendants must file a response within fourteen days of Murphy's show-cause filing.

    SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

January 13, 2022

cc:  Counsel of Record