UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Shawn Murphy</u>

    v.                                       Case No. 19-cv-1162-PB
                                        Opinion No. 2022 DNH 022

<u>Strafford County et al.</u>

**MEMORANDUM AND ORDER**

Shawn Murphy filed an excessive force action against Strafford County and several "John Doe" correctional officers on the last day of the three-year limitations period applicable to his claims. A few months later, he amended his complaint to name five correctional officers as defendants. The issue I must resolve on summary judgment is whether Murphy can meet his burden to show that his claims against the individual officers are timely because they relate back to the date of the original complaint. I apply the familiar summary judgment standard when resolving this issue. See <u>French v. Merrill</u>, 15 F.4th 116, 123 (1st Cir. 2021).

Federal Rule of Civil Procedure 15(c) sets out three ways in which an amendment to a complaint can relate back to the original. In a prior show-cause order, I explained why Rules 15(c)(1)(B) and 15(c)(1)(C) do not apply here, but I asked for supplemental briefing on the applicability of Rule 15(c)(1)(A). <u>See</u> Doc. No. 58. That issue is now teed up for resolution.

Rule 15(c)(1)(A) permits an amendment to relate back to a timely pleading when the applicable state law allows relation back. New Hampshire law authorizes amendment of pleadings when "necessary for the prevention of injustice" so long as "the rights of third persons shall not be affected thereby." N.H. Rev. Stat. Ann. § 514:9. When an amendment seeks to substitute a defendant after the statute of limitations has expired, both potential injustice to the plaintiff and potential prejudice to the intended defendant exist. Dupuis v. Smith Props., Inc., 114 N.H. 625, 628 (1974). The "crucial" question in the prejudice inquiry is "whether the intended defendant received actual notice of the suit prior to the expiration of the statute of limitations." Sharifova v. Riley, No. 2014-0122, 2014 WL 11485774, at *1 (N.H. Nov. 12, 2014); accord Bonnvie v. Beaulieu-Lindquist Real Est., Inc., No. 2006-0047, 2007 WL 9619440, at *3 (N.H. Mar. 13, 2007). "Informality will not nullify the notice so long as defendant receives actual knowledge." Dupuis, 114 N.H. at 630.

It is undisputed that the individual defendants did not have actual knowledge that Murphy had filed this lawsuit before the statute of limitations expired. The officers have offered sworn affidavits to that effect, which Murphy has not controverted. Instead, Murphy argues that the officers had actual notice of his claims before he filed his complaint and

2

that his complaint was sufficiently detailed to put them on constructive notice that they were the intended defendants.

Murphy's argument that the individual defendants knew about his claims before the lawsuit was filed is both factually and legally deficient.  First, he has not offered evidence from which a reasonable factfinder could infer such knowledge.  The evidence shows, at most, that Murphy's counsel had informed Strafford County's counsel about the underlying incident, the nature of Murphy's claims, and his intent to sue if the County were to reject his settlement demand.  There is no evidence that Strafford County's counsel informed any of the officers about Murphy's claims, settlement demand, or the impending litigation.

Second, the New Hampshire Supreme Court has rejected Murphy's argument that "actual notice of the lawsuit is unnecessary and [that] actual notice of the plaintiffs' claims is sufficient to preclude prejudice to the new defendant." Sharifova, 2014 WL 11485774, at *2.  The plaintiffs in Sharifova were passengers injured in a motor vehicle collision who intended to sue the driver of the other vehicle.  They instead sued the driver's sister, who owned that vehicle.  Before the lawsuit was filed, the driver knew that the plaintiffs were pursuing claims for bodily injury with the vehicle's insurer.  There was no evidence, however, that the driver had learned of the litigation during the three days between the filing of the

3

complaint and the expiration of the statute of limitations. Id. at *1. Under those circumstances, the court was unpersuaded that the driver's awareness of the plaintiffs' claims was enough to overcome the prejudice to the driver. See id. at *2. Instead, the court reiterated that "allowing a plaintiff to amend a writ to add a new defendant who did not have notice of the suit prior to the expiration of the statute of limitations prejudices that defendant." Id. (citing Perez v. Pike Indus., 153 N.H. 158, 162-63 (2005)).

Murphy's next argument fares no better. He contends that the officers had constructive knowledge of the lawsuit because his complaint was sufficiently detailed to put them on notice that they were the intended defendants. The New Hampshire Supreme Court has foreclosed this argument as well. In Sharifova, the plaintiffs likewise argued that the complaint had "clearly indicated" whom they intended to sue, so the intended defendant "would immediately know" she was the intended party. Id. Rejecting this argument, the court repeated that the plaintiffs had to show that the intended defendant had actual notice of the litigation. Id.; see also Graham v. Church, 2015 DNH 013, 2015 WL 247910, at *6 (D.N.H. Jan. 20, 2015) (finding Rule 15(c)(1)(A) inapplicable when plaintiff claimed it was "simply unimaginable" that intended defendant was unaware of claims against it when complaint was filed).

Finally, Murphy suggests that I should weigh the injustice he would suffer if his claims were time-barred against the prejudice to the defendants. Even if a balancing test applies, a reasonable factfinder could not conclude based on the summary judgment record that Murphy's interests outweigh the prejudice to the officers. Cf. Sharifova, 2014 WL 11485774, at *3 (assuming, without deciding, that the test for relation back involves balancing prevention of injustice against prejudice to third parties). Murphy had three years to investigate his claims. Yet he chose to file his complaint naming "John Doe" defendants the day before the expiration of the limitations period, leaving himself virtually no room for timely amendments. Further, as the officers point out, Murphy was not completely in the dark about their identities. For example, more than ten months before he filed the complaint, Murphy sent a letter to the prison superintendent that identified by last name four of the five officer defendants as those involved in the incident. See Doc. No. 45-16. On analogous facts, the court in Sharifova agreed with the trial court that any injustice to the plaintiffs was diminished and could not outweigh the prejudice to the intended defendant who did not receive timely notice of the lawsuit. See 2014 WL 11485774, at *3. Specifically, the court observed that there was an avenue available to the plaintiffs to identify the correct defendant before they sued and that their

5

choice to sue only three days before the limitations period expired carried the risk that their ability to add a new defendant would be foreclosed. See id.  For the same reasons, strict adherence to the statutory deadline for bringing claims is required in this case.

Because Murphy has not met his burden to show that the relation back doctrine can save his untimely claims against the officers, I grant the Strafford County defendants' motion for summary judgment (Doc. No. 45).

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

March 2, 2022

cc:  Counsel of Record

6