# United States Court of Appeals
## For the First Circuit

_____

No. 22-1325

SHAWN MURPHY,

Plaintiff - Appellant,

v.

STRAFFORD COUNTY DEPARTMENT OF CORRECTIONS; LEONARD NADEAU, Sergeant; DONNA ROY, Lieutenant; DE SAO JOSE, Officer; ELIZABETH BAEZ, Officer; JACQUELIN VALENTINE, Officer; BERNADETTE M. CAMPBELL; CYNTHIA A. DOMENICI; ; WILLIAM L. WRENN; MICHAEL A. ZENK, Warden; SCOTT J. MARSHALL; JOHN S. MORIN; KIMBERLY A. LACASSE; GILBERT F. WILKINS; SARAH M. PROVENCHER; DONNA J. DUFRESNE; JOHN DOES 1-20,

Defendant - Appellees,

NH DEPARTMENT OF CORRECTIONS,

Defendant.
_____

Before

Barron, Chief Judge,
Kayatta and Rikelman, Circuit Judges.
_____

**JUDGMENT**

Entered: July 11, 2024

    Appellant Shawn Murphy appeals from the grant of summary judgment in favor of defendants in the underlying civil action featuring claims against corrections officers and prison medical staff in connection with an injury appellant allegedly sustained while in custody. With his brief, appellant focuses exclusively on the district court's statute-of-limitations-based partial grant of summary judgment in favor of certain defendants named as "John Doe" defendants in the original complaint and identified by name only later in an amended complaint filed more than three years after appellant's claims had accrued. The district court concluded that appellant's specific identification of those defendants had come too late for purposes of the operative three-year statute of limitations and that the claims against those defendants therefore were barred. See generally Gorelik v. Costin, 605 F.3d 118, 121-22 (1st Cir. 2010) (discussing relevant three-year

statute of limitations, N.H. Rev. Stat. Ann. § 508:4, that applies to personal injury claims arising in New Hampshire and that applies when a plaintiff pursues a 42 U.S.C. § 1983 action featuring constitutional claims arising in New Hampshire); see also Fed. R. Civ. P. 15(c) (relation-back principles).

Upon de novo review of relevant portions of the record and the submissions of the parties, we affirm. See Chadwick v. Wellpoint, Inc., 561 F.3d 38, 43 (1st Cir. 2009) (standard of review). Appellant contends that vacatur and remand are necessary due to counsel's alleged negligence when identifying certain defendants as "John Does" in the original complaint. However, there is no constitutional guarantee to the effective assistance of counsel in a civil action like the one underlying this appeal, and appellant points to no authority legitimately suggesting that vacatur and remand might be in order on these facts. See King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) ("This being a civil case, there is no constitutional right to counsel . . . ."); see also Lopes v. Dickhaut, No. 16-2119, 2017 WL 7833676 at *1 (1st Cir. Dec. 6, 2017)(unpublished)("Since there is no constitutional right to counsel in a civil case, ineffective assistance of counsel cannot be grounds for reversal in a civil matter."), citing Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1168 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004).

The judgment of the district court is affirmed. See Local Rule 27.0(c). Any remaining motions or requests, to the extent not mooted by the foregoing, are denied.

By the Court:

Maria R. Hamilton, Clerk

cc:
Shawn Murphy
Matthew V. Burrows
Keelan Forey
Samuel R. V. Garland
Anthony J. Galdieri